Filed 6/17/24  P. v. Lee CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B332902 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA140282) |
| v. | |
| JAYJAY LEE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant JayJay Lee (defendant) was convicted of attempted murder in 2017 based on evidence he stabbed another man with a knife multiple times. The jury found true allegations that he personally inflicted great bodily injury within the meaning of Penal Code[1] section 12022.7(a) and personally used a deadly weapon within the meaning of section 12022(b)(1). The trial court imposed a sentence of 13 years in state prison, including nine years for attempted murder, three years for the great bodily injury enhancement, and one year for the deadly weapon enhancement. The trial court dismissed a prior prison term enhancement under former section 667.5(b) in the interest of justice, but the abstract of judgment dated March 6, 2017, erroneously indicated the section 667.5(b) enhancement was instead imposed and stayed.

In 2023, the Department of Corrections and Rehabilitation notified the trial court defendant was potentially eligible for re-sentencing pursuant to Senate Bill 483 (2021-2022 Reg. Sess.), which, among other things, retroactively invalidated certain former section 667.5(b) enhancements. (§ 1172.75(a).) The trial court appointed counsel for defendant and held a hearing on the matter. At the hearing, the trial court determined defendant was not eligible for re-sentencing because, notwithstanding the erroneous abstract of judgment, the trial court had dismissed the former section 667.5(b) enhancement at sentencing.

Defendant noticed an appeal from the 2023 hearing, and this court appointed counsel to represent him. After examining the record, defendant's attorney filed an opening brief raising no

---

[1] Undesignated statutory references that follow are to the Penal Code.

issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216. Defendant's attorney also informed this court that she notified the trial court of the error in the abstract of judgment and the trial court had since ordered the abstract of judgment corrected.

On February 14, 2024, this court advised defendant he had 30 days to personally submit any contentions or issues he wanted us to consider. We received no response.

We decline to undertake an independent review of the record and dismiss the appeal as abandoned. (*Delgadillo*, *supra*, 14 Cal.5th at 232.)

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.                                    LEE, J.[*]

---

[*]     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3